UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA; STATE
OF NEW YORK; AND BASIL SEGGOS, AS
COMMISSIONER OF THE NEW YORK
STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION,

    Plaintiffs,

v.

CITY OF MOUNT VERNON,

    Defendant.

Case No. 18 Civ. 5845 (CS)

[~~PROPOSED~~] ORDER

CATHY SEIBEL, United States District Judge:

  This Court has subject-matter jurisdiction over plaintiff the United States of America's (the "United States") claims pursuant to Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355; subject-matter jurisdiction over plaintiff the State of New York (the "State") and Basil Seggos, as Commissioner of the New York State Department of Environmental Conservation ("DEC" and, collectively with the State, "New York")'s claims pursuant to 28 U.S.C. § 1367; and personal jurisdiction over the parties. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a) because defendant City of Mount Vernon (the "Defendant") is located in this District and the events giving rise to the claims in the complaint arose in this District. For the reasons set forth on the record on 9/21/20, ~~in the Court's separate Memorandum Opinion and Order dated [INSERT]~~, the United States and New York's motion for summary judgment is granted. Consistent with that ruling, ~~Memorandum Opinion and Order,~~ the Court will decide the amount of any civil penalty at a later date, and hereby grants the following relief:

1. The purpose of this Order is to bring Defendant into compliance with its Municipal Separate Storm Sewer System ("MS4") obligations under the Clean Water Act, the New York Environmental Conservation Law, and New York State Pollutant Discharge Elimination System Permit No. GP-0-15-003 (the "MS4 General Permit"). If Defendant chooses to use a bidding process to obtain third-party agents or contractors to implement its compliance obligations, rather than internal personnel employed by the City of Mount Vernon, such choice shall not excuse any failure by Defendant to timely comply with this Order.

2. The obligations of this Order do not relieve Defendant of any obligations required by the Clean Water Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

### I. COMPLIANCE REQUIREMENTS

#### Currently Identified Impaired Outfalls

3. Within three months of the date of this Order, Defendant shall complete an expedited Illicit Discharge track-down and identify all sources of illicit discharges for three MS4 Outfalls (Outfalls 24, 33 and 34) (the "Currently Identified Impaired Outfalls), including identifying the sources of illicit discharges. For any identified sources of illicit discharge, the City needs to immediately undertake public education and outreach, such as appropriate warning signage, to inform the public of any ongoing illicit discharges.

4. Within four months of the date of this Order, Defendant shall analyze and evaluate video data from Closed-Circuit Television (CCTV) inspection of the Currently Identified Impaired Outfalls and prepare and prioritize a revised work plan and scope to correct deficiencies identified per the analysis.

5. Within four months of the date of this Order, Defendant shall perform on-site inspections and make a determination regarding whether or not to initiate enforcement actions with respect to the addresses listed in Appendix A concerning sources of sanitary waste entry to the MS4 system at the Currently Identified Impaired Outfalls and attributed to illicit cross connections of sanitary fixtures or lines to the storm drain system in accordance with the 2015 MS4 General Permit, and provide written notice of the basis for each determination to the Environmental Protection Agency ("EPA") and New York.

6. Within six months of the date of this Order, Defendant shall develop and submit for EPA approval an Illicit Discharge Action Plan designed to eliminate all identified sources of illicit discharges for the Currently Identified Impaired Outfalls based on Defendant's analysis that prioritizes elimination of illicit discharge.

7. The Illicit Discharge Action Plan shall provide for the following:

   a. Upon identifying a source of illicit discharge that causes sanitary sewage to enter the portion of a MS4 relating to a Currently Identified Impaired Outfall, the City shall immediately initiate corrective action and, no later than 24 hours of discovery, shall prevent further illicit discharges from that source to the City's MS4.

   b. Within 60 days of EPA's approval of the Plan, the City shall complete elimination of each identified source of illicit discharge to the Currently Identified Impaired Outfalls through means (including enforcement, constructions, repairs, and preventive actions) laid out in the Illicit Discharge Action Plan.

   c. For each source of illicit discharge to the Currently Identified Impaired Outfalls, within 15 days of the completion of elimination of that source the City shall conduct a dry weather outfall inspection at the applicable Currently Identified Impaired Outfall and sample any observed dry weather flow to analyze for bacterial content and verify elimination of illicit discharges.

   d. Within 45 days of the dry weather outfall inspection referred to in paragraph 7(c), the City shall provide EPA with an Illicit Discharge Action Plan completion report, which shall describe the inspection and

        sampling results confirming the elimination of all illicit discharges caused by that source.

8. Within twelve months of the date of this Order, Defendant shall complete elimination of all sources of illicit discharge for the Currently Identified Impaired Outfalls from cross connections of sanitary fixtures or lines through follow up enforcement, and verify by inspection.

9. <u>Specific Construction and Repairs for Currently Identified Impaired Outfalls.</u> Defendant shall perform the following construction and repairs to address potential sources of illicit discharges to the MS4 at Currently Identified Impaired Outfalls by the dates indicated.

    a. Within two months of the date of this Order, Defendant shall excavate, identify, and correct the unidentified source(s) of dry weather flow to the MS4 drain line between 3rd and 4th Streets along the Fourth Avenue storm drain network.

    b. Within two months of the date of this Order, Defendant shall replace approximately 60 linear feet of compromised 8" sanitary sewer line and 60 linear feet of compromised 18" storm drain along the Overlook Street storm drain network to eliminate sanitary sewage from entering the storm sewers at this location.

    c. Within three months of the date of this Order, Defendant shall re-line 429 linear feet of 8" sanitary sewer piping using a trenchless re-lining method and repair four manholes for the sanitary sewer along Haven Avenue between E. 3rd Street and Pease Street.

    d. Within three months of the date of this Order, Defendant shall replace 661 linear feet of compromised 8" sanitary sewer piping and perform point repairs as needed for the Washington Street sanitary sewer line.

    e. Within three months of the date of this Order, Defendant shall re-line 315 linear feet of 36" sanitary sewer piping along Lyons Place using a trenchless re-lining method to address a leaking sanitary sewer line and prevent entry into the storm sewer at this location.

10. <u>All MS4 Outfalls.</u> Defendant shall maintain an up-to-date comprehensive spreadsheet of all MS4 outfalls, including the following information: (i) unique outfall number; (ii) outfall location; (iii) outfall geographic coordinates (latitude and longitude decimal degrees);

4

(iv) outfall pipe or conduit size (inches), type, and material; and (v) receiving waterbody. As new outfalls are constructed or newly discovered, Defendant shall update the MS4 outfall spreadsheet and provide updates to EPA and DEC.

11. Defendant shall maintain an up-to-date digital map utilizing Geographic Information System coordinates depicting names and locations of all outfalls, roads, surface waterbodies, and storm sewersheds. As new outfalls are constructed or newly discovered, Defendant shall update the MS4 map and provide updates to EPA and DEC. *See* MS4 General Permit Part VII.A.3.b, e.

12. Within six months of the date of this Order, and every five years thereafter, Defendant shall complete MS4 Outfall Reconnaissance Inventory inspections for all MS4 outfalls in accordance with the 2015 MS4 General Permit. Outfall Reconnaissance Inventory shall include, but is not limited to, the following:

   a. A visual, on the ground, inspection of all MS4 outfalls during dry weather (after at least 48 hours of no precipitation) and during peak sanitary flow hours (in the early morning or evening). The visual inspection shall include photographic documentation and a written description of observations including any flow observed coming from the outfall utilizing a standard inspection form.

   b. If dry weather flow is observed at the time of inspection, Defendant shall conduct track-down in accordance with the 2015 MS4 General Permit to narrow down and identify the source of flow. Defendant shall document all observations using appropriate forms in accordance with the MS4 General Permit.

   c. Sample any observed dry weather flow at the outfall(s) and/or other structures and analyze for bacterial content.

13. In the event any illicit discharge is detected and confirmed by an Outfall Reconnaissance Inventory, or Defendant otherwise comes to be aware of illicit discharges to the Mount Vernon MS4, Defendant shall promptly perform a track-down in accordance with the 2015 MS4 General Permit to identify and locate the source of the illicit discharges. Within one

5

day of identifying and locating the source, Defendant shall orally report the illicit discharge to EPA and DEC, shall provide written notice to EPA and DEC within five days of identifying and locating the source, and within thirty days of identifying and locating the source, shall eliminate the source of the discharge.

14. Equipment. Within two months of the date of this Order, Defendant shall implement an IDDE program with available equipment. To ensure equipment necessary to implement the program are available to Defendant, Defendant shall maintain, in service, equipment necessary to properly operate and maintain its storm sewer and sanitary sewer collection systems.

15. Staffing. Within two months of the date of this Order, Defendant shall identify a local point of contact for public concerns regarding stormwater management and compliance with the 2015 MS4 General Permit ("Stormwater Coordinator"). In addition, Defendant shall implement an IDDE program, including appropriate staff. To ensure that Defendant is able to meet these staffing and Stormwater Coordinator requirements, Defendant shall designate or hire a Stormwater Coordinator who is a full-time employee of Defendant dedicated solely to overseeing and coordinating implementation of Defendant's Storm Water Management Program, Defendant's obligation to implement and enforce an IDDE Program, and the Defendant's compliance with the MS4 General Permit and this Order.

16. Funding. Within three months of the date of this Order, Defendant shall provide adequate funding for the IDDE program, including taking the necessary steps to obtain all available federal or state grants loans or other types of funding.

17. Updated Storm Water Management Plan ("SWMP"). Within six months of the date of this Order, Defendant shall develop an updated SWMP Plan, as one comprehensive

document, in accordance with Part IV of the 2015 MS4 General Permit, for EPA approval. Upon approval by EPA, Defendant shall immediately commence implementation of the SWMP Plan.

18. Defendant shall implement the EPA-approved CMOM citywide, including but not limited to: (i) employee training; (ii) complaint management program; (iii) pipe and manhole inspection and cleaning; and (iv) pump station maintenance. Within sixty days of the date of this Order, Defendant shall submit to EPA an analysis of whether any revisions are required to its CMOM, along with any proposed revisions thereto for approval. Defendant shall further update its CMOM every year on or before December 31.

19. Within six months of the date of this Order, Defendant shall perform a Sewer System Evaluation Survey of the sanitary sewer system to identify each condition in the sanitary sewer system that could lead to a discharge of sewage to the Mount Vernon MS4.

20. Within twelve months of the date of this Order, Defendant shall develop and submit to EPA, for approval, a Sewer System Corrective Action Plan that addresses each of the conditions identified in the Sewer System Evaluation Survey. This Plan must include a description of the plan for correcting each condition and a schedule to complete each condition by December 31, 2022. Upon its approval by EPA, the Sewer System Corrective Action Plan shall become an enforceable requirement of this Order.

## II. REPORTING REQUIREMENTS

21. <u>Annual Report to Court.</u> By January 31 of each year for five years, Defendant shall provide an annual report for the preceding year describing Defendant's compliance or non-compliance with the terms of this Order to EPA and DEC, and file a copy on the Court's docket.

22. <u>MS4 Annual Reports.</u> By June 1 of each reporting year, the Defendant shall submit a complete and accurate MS4 Annual Report to the NYSDEC, with a copy to EPA, as required by the MS4 General Permit. *See* MS4 General Permit Part V.C.

23. By March 31, 2023, Defendant shall submit a final report to EPA and DEC covering all of the work required to be performed under the Sewer System Corrective Action Plan.

24. <u>Semi-Annual Report to the United States and New York.</u> By January 31 and July 31 of each year for five years, Defendant shall submit to the United States and New York a semi-annual report covering the preceding semi-annual period ending December 31 and June 30. Each semi-annual report needs to include: (a) the status of any construction or compliance measures; (b) completion of milestones; (c) problems encountered or anticipated, together with implemented or proposed solutions; (d) status of permit applications; (e) operation and maintenance performed; (f) reports to state agencies; (g) illicit discharge Track-down progress and updates (including outfall reconnaissance inventory field sheets, manhole investigation forms, color photographs, dye test results, and a detailed summary of the work performed with dates, locations, and observations); (h) documentation demonstrating illicit discharge eliminations, including invoices, photographs, and work orders; (i) SWMP development progress and updates; (j) documentation demonstrating SWMP plan implementation; (k) documentation demonstrating CMOM and SSCAP implementation, including a summary of sanitary sewer cleaning (including miles cleaned and locations), a summary of pipe and manhole inspections, including locations, an updated hot spot list, a summary of pump station maintenance performed, and a summary of sanitary sewer overflows; (l) on-site inspections conducted and a summary of any enforcement actions concerning sources of sanitary waste entry to the MS4 system that were

initiated, or the anticipated date of initiation; and (m) a description of any non-compliance with the requirements of this Order and an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation.

25. <u>Certification.</u> Each report submitted by Defendant shall be signed by an official of the Defendant and include the following certification:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I am aware that there are significant penalties for submitting false information.

This certification requirement should be excepted in emergency or similar notifications where compliance would be impractical.

### III. INFORMATION COLLECTION AND RETENTION

26. The United States, New York, and their representatives, including attorneys, contractors, and consultants, shall have the right of entry into any facility covered by this Order, at all reasonable times, upon presentation of credentials, to:

   a. monitor the progress of activities required under this Order;

   b. verify any data or information submitted to the United States or DEC in accordance with the terms of this Order;

   c. obtain samples and, upon request, splits of any samples taken by Defendant or its representatives, contractors, or consultants;

   d. obtain documentary evidence, including photographs and similar data; and

   e. assess Defendant's compliance with this Order.

This compliance monitoring should be in addition to any other rights EPA may have to inspect or oversee Defendant's MS4 under applicable law.

27. Upon request, Defendant shall provide EPA and DEC or their authorized representatives splits of any samples taken by Defendant. Upon request, EPA and DEC shall provide Defendant splits of any samples taken by EPA or DEC.

28. Until five years after the termination of this Order, Defendant shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Defendant's performance of its obligations under this Order. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the United States or New York, Defendant shall provide copies of any documents, records, or other information required to be maintained under this Paragraph. This requirement is in addition to the recordkeeping provisions required by 40 C.F.R. § 122.41(j).

## IV. RETENTION OF JURISDICTION

29. The Court shall retain jurisdiction over this case until termination of this Order, for the purpose of resolving disputes arising under this Order or entering orders modifying this Order, or effectuating or enforcing compliance with the terms of this Order.

30. The reporting requirements of this Order do not relieve Defendant of any reporting obligations required by the Clean Water Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement. This Order in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States or New York pursuant to applicable federal or state laws, regulations, or permits,

nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

Dated and entered this 21st day of September, 2020

*Cathy Seibel*
CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

USA, *et al.* v. City of Mount Vernon, 18 Civ. 5845 (CS)

# APPENDIX A

16 Beechwood Avenue
20 Beechwood Avenue
25 Beechwood Avenue
37 Beechwood Avenue
39 Beechwood Avenue
41 Beechwood Avenue
43 Beechwood Avenue
37 Grandview Avenue
40 Grandview Avenue
45 Grandview Avenue
250 Washington Avenue
256 Washington Avenue
270 Washington Avenue
275 Washington Avenue
320 Washington Avenue
323 Washington Avenue
56 West 1st Street
60 West 1st Street
62 West 1st Street
66 West 1st Street
102 West 1st Street
3 4th Avenue
6 4th Avenue
8 4th Avenue
9 4th Avenue
11 4th Avenue
12 4th Avenue
13 4th Avenue
16-18 4th Avenue
19 4th Avenue
23 4th Avenue
29 4th Avenue
30 4th Avenue
31 4th Avenue
37 4th Avenue
43 4th Avenue
44 4th Avenue
49 4th Avenue

USA, *et al.* v. City of Mount Vernon, 18 Civ. 5845 (CS)

52 4th Avenue
53 4th Avenue
54 4th Avenue
60 4th Avenue
62 4th Avenue
64 4th Avenue
65 4th Avenue
67 4th Avenue
71 4th Avenue
72 4th Avenue
109 4th Avenue
118 4th Avenue
119 4th Avenue
121 4th Avenue
122 4th Avenue
125 4th Avenue
133 4th Avenue
153 4th Avenue
154 4th Avenue
163 4th Avenue
121 S 6th Ave (Nellie Thornton High School Board of Education)
15 S 1st Ave (USPS)
420 S Fulton Ave (Uhlfelder)
20 Oak Street (Hamilton Elementary School)