UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA; STATE OF NEW YORK; AND BASIL SEGGOS, AS COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MOUNT VERNON,<br><br>Defendant. | No. 18 Civ. 5845 (CS)<br><br>[PROPOSED] THIRD REMEDIAL ORDER |

CATHY SEIBEL, United States District Judge:

WHEREAS, this Court previously entered orders dated September 21, 2020 (ECF No. 74) and March 10, 2021 (ECF No. 90) setting forth compliance deadlines for defendant the City of Mount Vernon ("Defendant" or the "City");

WHEREAS, the obligations set forth below in paragraphs 1 through 26 were previously ordered in either this Court's September 21, 2020 Order or this Court's March 10, 2021 Order, and the Court is enforcing those obligations by requiring belated compliance by the deadlines as provided herein;

WHEREAS, those obligations, as well as the additional obligations in the September 21, 2020 and March 10, 2021 Orders remain in effect; and

WHEREAS, the Court herein imposes certain supplemental deadlines for compliance with these obligations, as well as certain financial terms designed to achieve compliance with the Court's prior Orders and the supplemental obligations in this Order,

It is hereby ordered as follows:

**Illicit Discharge Action Plan**

1. By June 30, 2021, Defendant shall develop and submit for U.S. Environmental Protection Agency ("EPA") approval an Illicit Discharge Action Plan designed to eliminate all identified sources of illicit discharges for the Currently Identified Impaired Outfalls based on Defendant's analysis that prioritizes elimination of illicit discharge. *See* ECF No. 74 ¶ 6 (setting original deadline of March 22, 2021).

**Outfall Reconnaissance Inventory**

2. By June 30, 2021, Defendant shall complete MS4 Outfall Reconnaissance Inventory inspections for all 77 remaining MS4 outfalls in accordance with the 2015 MS4 General Permit. Outfall Reconnaissance Inventory shall include, but is not limited to, the following:

   a. A visual, on the ground, inspection of all MS4 outfalls during dry weather (after at least 48 hours of no precipitation) and during peak sanitary flow hours (in the early morning or evening). The visual inspection shall include photographic documentation and a written description of observations including any flow observed coming from the outfall utilizing a standard inspection form.

   b. If dry weather flow is observed at the time of inspection, Defendant shall conduct track-down in accordance with the 2015 MS4 General Permit to narrow down and identify the source of flow. Defendant shall document all observations using appropriate forms in accordance with the MS4 General Permit.

   c. Sample any observed dry weather flow at the outfall(s) and/or other structures and analyze for bacterial content.

   d. Defendant shall complete MS4 Outfall Reconnaissance Inventory inspections for all MS4 outfalls every five years hereafter.

*See* ECF No. 74 ¶ 12 (setting original deadline of March 22, 2021). For Outfall #33, which the City inspected and observed dry weather flow, and for any other outfalls where dry weather flow is observed, the City shall complete sub-parts b and c of this section no later than July 30, 2021.

2

**Updated Storm Water Management Plan ("SWMP")**

3. By July 30, 2021, Defendant shall develop an updated SWMP, as one comprehensive document, in accordance with Part IV of the 2015 MS4 General Permit, for EPA approval. Upon approval by EPA, Defendant shall immediately commence implementation of the SWMP. *See* ECF No. 74 ¶ 17 (setting original deadline of March 22, 2021).

**Sewer System Evaluation Survey**

4. By July 30, 2021, Defendant shall perform a Sewer System Evaluation Survey of the sanitary sewer system to identify each condition in the sanitary sewer system that could lead to a discharge of sewage to the Mount Vernon MS4. *See* ECF No. 74 ¶ 19 (setting original deadline of March 22, 2021). During the course of the evaluation, if the City identifies a potentially blocked sewer segment, the City must investigate, respond to, document and alleviate the sanitary sewer blockage, as specified in Section 6 of the City's CMOM. *See* ECF No. 74 ¶ 18 ("Defendant shall implement the EPA-approved CMOM citywide....").

**Capacity, Management, Operations and Maintenance ("CMOM") Program**

5. Beginning no later than one week following entry of this Order, the City must perform and document routine inspection and maintenance required by its CMOM Program for its Sanitary Sewer System, including daily pump station and hot spot inspections and maintenance, as specified in Sections 3.b and 3.c of the City's CMOM, and report on the status of this requirement in each of its monthly and semi-annual reports. *See* ECF No. 90 ¶ 1 (substantially identical provision); *see also* ECF No. 74 ¶ 18 (requiring implementation of the CMOM).

6. Beginning no later than one week following entry of this Order, the City must initiate a plan to staff its designated telephone number for sewage-related complaints and to

3

respond to calls raising such complaints within one hour, as required by Section 1.d of the City's CMOM. *See* ECF No. 90 ¶ 2 (substantively identical provision); *see also* ECF No. 74 ¶ 18 (requiring implementation of the CMOM).

7. Within one week after entry of this Order, the City must submit a revised CMOM to the EPA and New York State Department of Environmental Conservation ("DEC"), addressing each of the comments that EPA and DEC provided to the City on February 11, 2021 and March 13, 2021. *See* ECF No. 90 ¶ 3 (setting original deadline of March 23, 2021).

**Adequate Funding and Equipment**

8. Within one week after entry of this Order, the City shall confirm in writing to EPA and DEC that the City Comptroller has created a unique accounting code, as well as an account specifically designated to fund work necessary to comply with the Court's September 21, 2020 Order and the March 10, 2021 Order. All invoices submitted by the Department of Public Works ("DPW") on or after the date of this Order related to work necessary to comply with the Court's September 21, 2020 Order, the March 10, 2021 Order, and this Order shall use and refer to this new accounting code. This Order does not require resubmission of previously submitted invoices. *See* ECF No. 90 ¶ 4 (substantively identical provision).

9. Within one week after entry of this Order, the City shall confirm in writing to EPA and DEC that the City Comptroller has been sending DPW the DPW expense reports each week, and the expense reports must identify the balance of funds available, which invoices have been received, which invoices have been paid, and from what accounts they were paid. The City Comptroller shall send DPW these DPW expense reports each week, and the City shall report on the status of this requirement in each of its monthly and semi-annual reports. *See* ECF No. 90 ¶ 5 (similar provision).

10. Within one week after entry of this Order, the City shall confirm in writing to EPA and DEC that the City Comptroller has paid all outstanding invoices submitted by the DPW or advised DPW in writing by e-mail, of any problem that prevents the payment of an invoice. *See* ECF No. 90 ¶ 6 (substantively identical provision setting original deadline of March 9, 2021).

11. Within two weeks after entry of this Order, the City shall confirm in writing to EPA and DEC that DPW addressed any problem identified by the City Comptroller regarding any outstanding invoice so that payment can be completed. Once addressed, the City Comptroller shall promptly pay such invoices. *See* ECF No. 90 ¶ 7 (substantively identical provision setting original deadline of March 16, 2021).

12. By no later than June 30, 2021, the City shall order any other equipment necessary for its Illicit Discharge and Detection Elimination Program. *See* ECF No. 74 ¶ 14 (setting original deadline of November 23, 2020); ECF No. 90 ¶ 8 (setting revised deadline of March 31, 2021).

13. Within one week after entry of this Order, the City shall provide an estimated budget (and any contingency issues) for the remaining work to be done under the Court's September 21, 2020 Order. *See* ECF No. 90 ¶ 9 (setting original deadline of April 2, 2021).

14. Within one week after entry of this Order, the City shall provide a detailed plan for how the City anticipates funding the remaining projects (e.g., from the City's budget, from grant reimbursement, or other means). *See* ECF No. 90 ¶ 10 (setting original deadline of April 2, 2021).

15. By June 30, 2021, the City shall address all outstanding paperwork and documentation issues for the $1.6M New York Water Quality Improvement Project grant. *See*

5

ECF No. 90 ¶ 11 (setting original deadline of April 21, 2021).

16. Within one week after entry of this Order, the City shall confirm in writing to EPA and DEC that the City Comptroller has paid all DPW regular and overtime pay in full, within two weeks of submission of the timekeeping by the DPW Commissioner. The City Comptroller shall pay all DPW regular and overtime pay in full, within two weeks of submission of the timekeeping by the DPW Commissioner going forward, and the City shall report on the status of this requirement in each of its monthly and semi-annual reports. In the event the information submitted is incomplete, the Comptroller shall notify the DPW Commissioner within 24 hours so that any missing information can be promptly submitted and shall be promptly paid in accordance with the terms of this section. *See* ECF No. 90 ¶ 12 (substantively identical provision).

**Outfall Repair Work and Documentation**

17. By June 30, 2021, the City shall replace approximately 60 linear feet of compromised 8" sanitary sewer line along the Overlook Street storm drain network. *See* ECF No. 74 ¶ 9.b (setting original deadline of November 23, 2020); ECF No. 90 ¶ 15 (setting deadline of March 12, 2021 to begin the remaining repair work for the Overlook Street sanitary sewage line, which was to be completed no later than April 2, 2021).

18. Within one week after entry of this Order, the City shall provide EPA and DEC with photographs of repaired catch basins, invoices, and confirmation of payment for the completed Overlook Street storm drain repairs, and shall submit the remaining documentation for the sanitary sewer line work set forth in paragraph 17 within two weeks after entry of this Order. *See* ECF No. 74 ¶ 24(h); ECF No. 90 ¶ 16 (setting deadline of April 2, 2021 for the

Overlook Street storm drain repairs documentation and setting deadline of two weeks following completion for documentation of the remaining work).

19. Within one week after entry of this Order, the City shall provide all invoices and confirmation of payment to EPA and DEC for the Washington Street repairs. *See* ECF No. 74 ¶¶ 9.d, 24(h); ECF No. 90 ¶ 17 (setting deadline of March 26, 2021).

### Inspections of Currently Identified Impaired Outfalls

20. Within one week after entry of this Order, the City shall provide documentation of visual inspections of currently identified impaired outfall pipe segments, including location, date and, if available, photographs. *See* ECF No. 74 ¶¶ 3-4; ECF No. 90 ¶ 18 (setting deadline of March 26, 2021).

### Staffing

21. By June 30, 2021, the City shall ensure that the Stormwater Coordinator completes all MS4-specific required training for illicit discharge detection and elimination, construction, post-construction, and good housekeeping, as required by Parts VII.A.3-VII.A.6 of the MS4 Permit. *See* ECF No. 90 ¶ 19 (setting deadline of April 21, 2021).

### Reporting

22. Within one week after entry of this Order, the City shall provide written certifications to EPA and DEC that the City Mayor, the City Comptroller, any employees within the Comptroller's office responsible for DPW accounts payable, including the Deputy Comptroller, and the DPW Commissioner, DPW Deputy Commissioner, the Stormwater Coordinator, and the City Engineer that implement the Court's September 21, 2020 Order, each have read the Court's September 21, 2020 Order, this Order, the MS4 Permit, and the City's CMOM. *See* ECF No. 90 ¶ 20 (setting original deadline of March 26, 2021).

23. Within one week after entry of this Order, the City shall submit and file a revised annual report as set forth in Paragraph 21 of the Court's September 21, 2020 Order, including detail about the City's compliance and non-compliance with the Order. *See* ECF No. 74 ¶ 21 (original deadline of January 31, 2021); ECF No. 90 ¶ 21 (setting revised deadline of March 31, 2021).

24. Within one week after entry of this Order, the City shall submit a semi-annual report as set forth in Paragraph 24 of the Court's September 21, 2020 Order, including the information set forth in each sub-part of Paragraph 24, including (j) SWMP Plan implementation; (k) CMOM and SSCAP implementation including summary of sanitary sewer cleaning (miles cleaned and locations); summary of pipe and manhole inspections, including locations, an updated hot spot list, pump station maintenance performed and summary of SSOs; (l) on-site inspections; and (m) description of all noncompliance. *See* ECF No. 74 ¶ 24 (original deadline of January 31, 2021); ECF No. 90 ¶ 22 (setting revised deadline of March 31, 2021).

25. By the last day of each month (or the first business day thereafter in the event the date is a weekend or holiday), beginning June 30, 2021, the City shall submit to EPA and DEC a monthly report, in the form of a tracking table, that identifies all work completed or not completed during the preceding month that is required under the September 21, 2020 Order, the March 10, 2021 Order, and this Order. *See* ECF No. 90 ¶ 23 (substantively identical provision).

26. Within one week after the entry of this Order, the City shall notify EPA and DEC of any missed deadline provided for in the Court's September 21, 2020 Order, the March 10, 2021 Order, or this Order, and provide a justification for the delay and a proposed completion date, with a justification for why the additional time is necessary. On an ongoing basis, the City

shall make such notifications within one week of any deadline that comes to be missed in the future. *See* ECF No. 90 ¶ 24 (substantively identical provision).

**Remedial Fines for Missed Deadlines**

27. *Fine Amounts.* The City shall be liable for remedial fines payable to the Court for violations of this Order, the September 21, 2020 Order, or the March 10, 2021 Order, as specified below. To the extent a deadline was subsequently revised by the Court due to the City's failure to meet an original or supplemental deadline, only the latest deadline for any given requirement will be used for any fine calculation.

    a.    Compliance Requirements: the following fines shall accrue per violation per day for each future violation of the deadlines imposed in Paragraphs 1-20 of the September 21, 2020 Order; Paragraphs 1-19 and 25-26 of the March 10, 2021 Order; and Paragraphs 1-21 of this Order that occur on or after July 1, 2021:

| Fine Per Violation Per Day | Period of Non-Compliance |
| --- | --- |
| $1,000.00 | 1st through 30th Day |
| $1,500.00 | 31st through 59th Day |
| $2,000.00 | 60th day and beyond |

    b.    Reporting Requirements: the following fines shall accrue per violation per day for each future violation of the deadlines for reporting requirements set forth in Paragraphs 21-25 of the September 21, 2020 Order; Paragraphs 20-24 of the March 10, 2021 Order; and Paragraphs 22-26 of this Order that occur on or after July 1, 2021:

| Fine Per Violation Per Day | Period of Non-Compliance |
| --- | --- |
| $500.00 | 1st through 30th Day |
| $1,000.00 | 31st through 59th Day |
| $2,000.00 | 60th day and beyond |

28. *Accrual of Fines.* Fines under this section shall automatically begin to accrue on the day after performance is due, but no earlier than July 1, 2021, and shall continue to accrue until performance is satisfactorily completed. Where separate violations of this Order, the September 21, 2020 Order, or the March 10, 2021 Order occur simultaneously, separate fines will accrue simultaneously; provided, however, where the same obligation appears in multiple orders (even with a different deadline), violation of that obligation will count only as a single violation.

29. *Notification of Violation and Opportunity to Object.* EPA or DEC shall file on the docket in this matter a notification of violation ("Notification of Violation") identifying one or more violations of this Order, the September 21, 2020 Order, or the March 10, 2021 Order, and stating any fines owed pursuant to this Order as of the date of filing. The City shall have 7 calendar days to object to the Notification of Violation; if the City objects, EPA and DEC will have 7 calendar days to reply. If the City does not timely object, or does object but that objection is overruled by the Court, then the City shall pay such fines within 30 days of the Notification of Violation as described in paragraph 32 below.

30. *Monthly Violation Report.* At the end of each month following the month in which any Notifications of Violation are filed, the City shall file on the docket in this case a report ("Monthly Violation Report") signed by a senior City official under penalty of perjury describing the status of the violation, any fine amounts paid as of that date, and any additional fine amounts due but not yet paid. Such due but not paid amounts shall be paid by the end of the following month. Such Monthly Violation Reports will continue until the violation is corrected.

31. *Cure Period.* For each violation described in a Notification of Violation, the City will have a 7 day period to cure. If it has fully addressed within 7 days of the Notification of

Violation, the City should so advise the Court in writing. EPA and DEC will respond with 7 days, and the Court will decide whether the violation has been cured. If a violation is cured within 7 days, no fines will be due under this Order.

32. *Escrow of Funds*. All fines payable under this Order will be paid to an escrow account established pursuant to this paragraph. Within 15 days following the first demand for fines, the City shall establish an escrow account bearing interest at reasonable rates in a federally chartered or state chartered bank in New York (the "escrow agent"). The account shall be established so that the City can deposit fine payments, which will be disbursed in accordance with this Order. The City shall bear the expenses of the escrow account. The escrow account will provide for the escrow agent to provide copies of all account statements and reports to EPA and DEC and shall provide that EPA and DEC will be authorized to communicate directly with representatives of the escrow agent. Ten days prior to the City's execution of an agreement establishing such an account, the City shall provide counsel for EPA and DEC a copy of the proposed escrow agreement. EPA and DEC shall promptly file any objections to the form of the agreement with the Court. Upon execution of the agreement, the City shall provide the Court, EPA, and DEC with a fully executed copy of the escrow agreement. A copy of this Order shall be annexed to the escrow agreement.

33. *Disbursement of Funds*. The escrow agreement shall provide for disbursement of escrowed funds, plus interest, with the written consent of plaintiffs (in their sole discretion) or by order of this Court solely for the purpose of funding work reasonably designed to achieve and maintain compliance with this Order, the September 21, 2020 Order, or this Court's March 10, 2021 Order, and any subsequent order of the Court compelling compliance. Such disbursements may include payments to any monitor, special master, receiver, or other party that the Court may

appoint in the future to provide oversight or take other action as a result of continued non-compliance. The City shall provide the EPA and DEC with proof of all payments made to the escrow agent, attached to a transmittal letter referencing the name and court docket number of this case and USAO File No. 2016V02002.

34.  *Residual Funds.* To the extent that funds remain in the escrow account after the City has completed all actions required to be taken under the Order, the September 21, 2020 Order, or this Court's March 10, 2021 Order, and any subsequent compliance order entered by this Court, the Court shall provide for their disposition by separate Order.

Dated and entered this 22nd day of June, 2021

*Cathy Seibel*
_____
CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

35. Defendant is reminded that "substantial progress" is not compliance, and that it is not at liberty to use bureaucratic roadblocks as an excuse for failing to adhere to court orders. Whether they like it or not, the responsible City officials are required by law to take the steps necessary to remedy ~~stop~~ the violations that led to this Order.