UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA; STATE
OF NEW YORK; AND BASIL SEGGOS, AS
COMMISSIONER OF THE NEW YORK
STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION,

    Plaintiffs,

v.

CITY OF MOUNT VERNON,

    Defendant.

No. 18 Civ. 5845 (CS)

[PROPOSED] SIXTH REMEDIAL ORDER REGARDING OVERDUE REMEDIAL FINES AND MONTHLY VIOLATION REPORTS

---

CATHY SEIBEL, United States District Judge:

    WHEREAS, this Court previously entered a Third Remedial Order, ECF No. 97, providing for remedial fines for future violations of Court-ordered deadlines contained in the Court's September 21, 2020 Order, ECF No. 74, the Court's March 10, 2021 Order, ECF No. 90, and the Third Remedial Order, by defendant City of Mount Vernon (the "City");

    WHEREAS, pursuant to the Third Remedial Order, Plaintiffs filed a Notification of Violation on August 2, 2021, pursuant to paragraph 29 of the Third Remedial Order, identifying five separate violations and stating the amount of fines owed, *see* ECF No. 98;

    WHEREAS, this Court thereafter entered an Order Regarding Remedial Fines for Missed Deadlines in Connection with the August 2, 2021 Notification of Violation, dated August 16, 2021, *see* ECF No. 101;

    WHEREAS, on September 3, 2021, the City paid $222,000 into the established escrow account to address violations for the period July 1, 2021, through August 16, 2021;

WHEREAS, the City subsequently failed to pay remedial fines due on September 30, 2021, October 31, 2021, November 30, 2021, and December 31, 2021;

WHEREAS, these fines and overdue to be paid;

WHEREAS, the obligation to pay a portion of these fines has been suspended by the Fifth Remedial Order.

WHEREAS, plaintiffs have calculated the unpaid remedial fines due on these dates, excluding any fines with suspended payment obligations pursuant to the Fifth Remedial Order, as follows:

| No. | Compliance Requirement Violation | Due 9/30/21 (for period 8/17/2021 to 8/31/2021) | Due 10/31/2021, (for period 9/1/2021 to 9/30/2021) | Due 11/30/2021, (for period 10/1/2021 to 10/31/2021) | Due 12/31/2021, (for period 11/1/2021 to 11/30/2021) |
|---|---|---|---|---|---|
| 1 | Failure to submit an Illicit Discharge Action Plan. ECF No. 97 ¶ 1 | $24,000 | $56,000 | N/A | N/A |
| 2 | Failure to purchase clamshell equipment. ECF No. 97 ¶ 12 | $22,000 | N/A | N/A | N/A |
| 3 | Failure to conduct dry weather outfall inspections. ECF No. 97 ¶ 2 | $24,000 | $56,000 | N/A | N/A |
| 4 | Failure to provide documentation of visual inspections ECF No. 97 ¶ 20 | $24,000 | $60,000 | $62,000 | $22,000 |
|  | **TOTAL:** | $94,000 | $172,000 | $62,000 | $22,000 |

WHEREAS, the City has asserted to plaintiffs that it is presently unable to make these payments;

WHEREAS, the Third Remedial Order and the August 16, 2021 Order require the City to file a Monthly Violation Report on the Court's docket. This report must be signed by a senior City official under penalty of perjury describing the status of each violation, any fine amounts paid as of that date, and any additional fine amounts due by not yet paid, and the City must continue to file such Monthly Violation Reports for each violation until that violation is corrected, *see* ECF No. 97 ¶ 30, ECF No. 101 ¶ 7; and

WHEREAS, the City has failed to file Monthly Violation Reports due on August 31, 2021, September 30, 2021, October 31, 2021, November 30, 2021, and December 31, 2021;

WHEREAS, on January 20, 2022, plaintiffs provided the City with a list of information that they request the City to provide by March 2, 2022, if it intends to make an ability to pay showing, and stated that the request should not limit plaintiffs' ability to request other or different information that they later deem relevant to the ability to pay question, nor does it limit the information that the City may submit to plaintiffs and, if necessary, the Court;

NOW, THEREFORE, it is hereby ordered as follows:

1. By March 2, 2022, the City shall either pay $350,000 into the established escrow account, created pursuant to paragraph 32 of the Third Remedial Order, or provide Plaintiffs sufficient available documentation regarding the City's asserted inability to pay the $350,000 in remedial fines presently owed.

2. If the City pays the $350,000 into the escrow account, pursuant to paragraph 33 of the Third Remedial Order and paragraph 8 of the August 16, 2021 Order, the City shall provide the EPA and DEC with proof of such payments made to the escrow agent, attached to a

transmittal letter referencing the name and court docket number of this case and USAO File No. 2016V02002.

3. If the City provides documentation regarding its asserted inability to pay as provided in paragraph 1, the City and Plaintiffs shall meet and confer by April 6, 2022, to determine whether Plaintiffs are satisfied that the City has provided adequate available documentation and that the circumstances justify modification of the City's payment obligation in any respect on the basis of inability to pay. If the parties agree that a modification of the payment obligation is warranted in light of an inability to pay, the parties shall file a joint letter with the Court by April 21, 2022, proposing such modification. If the parties do not agree that a modification is warranted or the extent of any such modification, the City shall have until April 21, 2022, to submit a letter motion requesting any modification of the payment obligation sought by the City in light of a demonstrable inability to pay. Such letter motion will be accompanied by detailed evidence in support of the request. Plaintiffs shall have until April 28, 2022, to respond to this letter motion. If a motion is made and denied, the Court shall enter an order requiring payment of the $350,000 forthwith.

4. The City shall make remedial fine payments other than this $350,000 no later than the dates they become due under the Court's orders.

5. By January 31, 2022, the City shall file on the Court's docket a Monthly Violation Report, containing the information required by Paragraph 30 of the Third Remedial Order, and substantially in the form of Exhibit A. The City shall file future Monthly Violation Reports, substantially in the form of Exhibit A, no later than the dates they become due under the Court's orders.

6. If the City fails to comply with the requirements of paragraph 1 through 5 of this order, the Court shall enter an order to show cause why further sanctions should not be imposed on the City or its officials.

SO ORDERED.

Dated and entered this 27th day of January, 2022

_____
CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA; STATE
OF NEW YORK; AND BASIL SEGGOS, AS
COMMISSIONER OF THE NEW YORK
STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION,

      Plaintiffs,

   v.

CITY OF MOUNT VERNON,

      Defendant.

No. 18 Civ. 5845 (CS)

**MONTHLY VIOLATION REPORT**

PLEASE TAKE NOTICE that the City of Mount Vernon submits this monthly violation report pursuant to paragraph 30 of the Third Remedial Order, *see* ECF No. 97, regarding the City's missed deadlines in connection with the August 2, 2021 Notification of Violation, *see* ECF Nos. 98, 101.

WHEREAS, paragraph 30 requires the City to file a Monthly Violation Report on the docket at the "[a]t the end of each month following the month in which any Notifications of Violation are filed" and each month thereafter "until the violation is corrected."

WHEREAS, paragraph 30 requires Monthly Violation Reports to be signed by a senior City official under penalty of perjury and to describe "the status of the violation, any fine amounts paid to date, and any additional fine amounts due but not paid."

WHEREAS, on August 16, 2021, the Court held that the City of Mount Vernon is liable for remedial fines for the following violations, and that fines shall continue to accrue until performance is satisfactorily completed: (1) failure to submit an illicit discharge action plan; (2) failure to purchase clamshell equipment; (3) failure to conduct dry weather outfall

inspections; and (4) failure to provide documentation of visual inspections completed to investigate sources of illicit discharge for all storm sewer segments that were not televised, including by submitting the necessary documentation, *see* ECF No. 101 ¶ 4.

THEREFORE, attached as Exhibit A is the information required to be submitted in the Monthly Violation Report, as of January 31, 2022.

Pursuant to 28 U.S.C. § 1746, I, [INSERT NAME], declare under penalty of perjury that that the information in Exhibit A is a true and correct statement of facts to the best of my knowledge and belief.

Executed on this ___ day of January, 2022, in Mt. Vernon, New York.

_____
[name]
[title]

# EXHIBIT A

| No. | Violation | Status | Paid on 9/3/21 (for period 7/1/21 to 8/16/21) | Due 9/30/21 but unpaid (for period 8/17/21 to 8/31/21) | Due 10/31/21 but unpaid (for period 9/1/2021 to 9/30/2021) | Due 11/30/21 but unpaid (for period 10/1/21 to 10/31/21) | Due 12/31/21 but unpaid (for period 11/1/21 to 11/30/21) |
|---|---|---|---|---|---|---|---|
| 1 | Failure to submit an Illicit Discharge Action Plan. ECF No. 97 ¶ 1 | Not completed | $55,500 | $24,000 | $56,000 | N/A | N/A |
| 2 | Failure to purchase clamshell equipment. ECF No. 97 ¶ 12 | Satisfactorily completed as of 8/31/2021 | $55,500 | $22,000 | N/A | N/A | N/A |
| 3 | Failure to conduct dry weather outfall inspections. ECF No. 97 ¶ 2 | Not completed | $55,500 | $24,000 | $56,000 | N/A | N/A |
| 4 | Failure to provide documentation of visual inspections completed to investigate sources of illicit discharge for all storm sewer segments that were not televised, including by submitting the necessary documentation. ECF No. 97 ¶ 20 | Satisfactorily completed as of 11/12/2021 | $55,500 | $24,000 | $60,000 | $62,000 | $22,000 |
| | **TOTAL:** | | $222,000 | $94,000 | $172,000 | $62,000 | $22,000 |